GEORGE F. UNLAND, APPELLEE, V. WILLIAM J. CRANE ET AL., APPELLANTS.

FILED JANUARY 8, 1902.   No. 10,933.

1. Judicial Sale: DISQUALIFIED APPRAISER: OBJECTION: WAIVER. An objection that an appraiser of real estate appraised for judicial sale in foreclosure proceedings is disqualified comes too late if it be not interposed until after sale, and when confirmation is asked. The objector in such case will be deemed to have waived the objection.

2. ————: TWO-THIRDS ALLEGED VALUE: OBJECTION. Where real property sold at judicial sale sells for more than two-thirds of its value as alleged by those objecting, an objection that it was appraised too low is unavailing.

APPEAL from the district court for Washington county. Heard below before FAWCETT, J. *Affirmed.*

*Frank S. Howell,* for appellants.

*Walton & Mummert, contra.*

Unland v. Crane.

HOLCOMB, J.

After real property had been appraised for judicial sale under a decree of foreclosure, advertised as by law required, and sold to the highest bidder, the owners of the equity of redemption, when confirmation of sale was asked, filed objection to the confirmation on the ground that one of the appraisers was related to the plaintiff in the action, and therefore not a disinterested freeholder within the meaning of the law, and also because the property had been, as claimed, appraised too low.

The objection as to the qualification of one of the appraisers, comes too late. The defendants are not permitted to remain silent and acquiesce in the appraisal, advertisement and sale of the property without objection, and then for the first time on an application for confirmation of sale object because of the alleged disqualification of one of the appraisers. Conceding the appraiser to have been disqualified because of relationship,—which we are disposed to think he was, although not deciding the question,—the defendants have waived their right to object on that ground because not interposed in timely season and before sale. It is hardly to be doubted that the objection was one which defendants might waive if they so chose, and, under the facts as disclosed by the record, we think they must be deemed and taken to have waived it.

As to the other objection, it may be disposed of by saying that the property, as shown by the record, sold for within a few dollars of the highest valuation claimed for the property, and much more than two-thirds of the value contended for. Consequently no prejudice resulted to the defendants by reason of the alleged low appraisement.

The order of confirmation appealed from is

AFFIRMED.